No. 4896.

(Court of Appeal, Parish of Orleans.)

## WEST MICHIGAN FURNITURE CO. vs. WILLIAM G. TEBAULT.

E. T. Florance for plaintiff and appellee.

Mentz & Kleinert for defendant and appellant.

GODCHAUX, J.—Plaintiff sold defendant a lot of furniture for $1,645.10 payable, net, December 20, 1908. In settlement of this purchase defendant executed and delivered to plaintiff on February 1, 1909, his four promissory notes, each for $411.27, payable respectively in 40, 60, 80 and 100 days, and bearing eight (8%) per cent., interest from maturity. The forty-day note not having been paid at its maturity (March 13, 1909), the present suit was instituted thereon on May 6, 1909.

The defense is want of consideration based upon the claims that the furniture was inferior in quality and in value, being made of gum wood and not of oak as ordered or represented; that the furniture, or ''some of it,'' was

cracked, its veneering broken and unfit for sale, etc., etc. The prayer is for the absolute dismissal of the suit uncoupled with any offer to return the furniture or to suffer a diminution of the price. Judgment below was for plaintiff as prayed for.

No grounds for disturbing it have been presented here, and our diligent investigation of the record has not only failed to disclose any, but has satisfied us that the defense is wholly unfounded.

In the first place a defense, the literal maintenance of which would result in defendant retaining the furniture without any obligation on his part to pay for it, is hardly calculated to appeal to the conscience of the Court.

The goods were received in the latter part of October, or early in November, 1908, and, though examined upon receipt, no complaint was made until December 12th, a few days prior to the maturity of their price, and then the defendant complains simply that a mahogany column on one of the pieces, invoiced at $15.00, has cracked, and coupled this complaint with the assertion that he "will not let this (complaint) stand in the way, however, and will forward you (plaintiff) note in a few days."

On February 1, 1909, the plaintiff, who meanwhile had communicated no additional complaint to defendant, forwarded to the latter his notes (among them the one in controversy), inclosing them in a letter reading:

> "We herewith inclose you four notes in settlement of your account. Whatever the discount on these notes amounts to, advise us and we will remit to cover."

The record does not disclose why payment of the note at its maturity on March 13th, was refused; and, for aught that appears, no objection whatever as to the character or condition of the furniture, other than that as to the mahogany column, was made till the answer to

the present suit was filed May 21, 1909, over six months after the goods had been received and examined and nearly four months after defendant had, without qualification or reservation, given his notes ''in settlement'' of the account.

In view of the foregoing facts alone, scant credence can be given to the testimony of defendant's employees and relatives adduced in an attempt to establish the defects complained of in the answer; and little difficulty would be experienced in approving the judgment, even were we to ignore the additional fact that the charge that the class or character of the furniture delivered was not such as ordered or represented, fails wholly of proof, while the record discloses the remarkable feature that defendant meanwhile has disposed of at least a part of the furniture, apparently in the course of his business, and thus is unable to return the goods that he declines to pay for.

The judgment of the lower Court is correct, and is, accordingly affirmed.